**LAW OFFICE OF JERRY L. STEERING**
Jerry L. Steering, Esq. (SBN 122509)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
Email: jerrysteering@yahoo.com

**LAW OFFICE OF GREGORY PEACOCK**
Gregory Peacock, Esq. (SBN 277669)
4063 Birch Street, Suite 100
Newport Beach, CA 92660
Telephone: (949) 292-7478
Email: gregorypeacockesq@gmail.com

Attorneys for plaintiffs Joann Salcido, individually and as successor in interest to decedent Peter Gutierrez, and Louie Gutierrez, individually and as successor in interest to decedent Peter Gutierrez

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIE GUTIERREZ, individually and as successor in interest to Decedent Peter Gutierrez; and JOANN SALCIDO, individually and as successor in interest to Decedent Peter Gutierrez,<br><br>   Plaintiffs,<br><br>  vs.<br><br>COUNTY OF RIVERSIDE and DOES 1 through 10, inclusive,<br><br>   Defendants.<br>_____ | Case No. 5:22-cv-01209-SSS-KK<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR:**<br><br>1. Violation of Substantive and Procedural Due Process of Law (U.S. Const. Amend. 14) – *Interference with Familial Relationship* [via 42 § 1983]<br><br>2. Violation of Substantive and Procedural Due Process of Law, and Right to be Free from Unreasonable Force (U.S. Const. Amends. 4 & 14) *Excessive Force and Deprivation of Life Without Due Process of Law –* |

|  |  |
|---|---|
| ) | *Pre-Death & Hedonic Damages Claim* [via 42 U.S.C. 42 § 1983] |
| ) | |
| ) | 3.  Violation of Substantive and Procedural Due Process of Law (U.S. Const. Amend. 14) – *Personal Claims for Interference with Familial Relationship* [via 42 § 1983] |
| ) | |
| ) | 4.  Violation of Substantive and Procedural Due Process of Law (U.S. Const. Amend. 14[1]) – *Successor In interest Claim for Failure to Provide Medical Care – Unlawful / Unreasonable Conditions of Confinement of Pre-Trial Detainee* [via 42 U.S.C. 42 § 1983] |
| ) | |
| ) | 5.  Violation of Substantive and Procedural Due Process of Law (U.S. Const. Amend. 14) *Successor In interest Claims and Personal Claims for Municipal Liability, via Inadequate Training of Deputies, Custodial & Jail Personnel* [via 42 U.S.C. 42 § 1983] |
| ) | |
| ) | 6.  California State Law Claim for Wrongful Death - *Successor In interest Claims & Personal Claims under* Cal. Civil Proc. |

---

[1] Previously and occasionally, and arguably now erroneously (but nonetheless often) also based upon the 8th Amendment (U.S. Const.) standard, previously made applicable to pre-trial detainees in *Estelle v. Gamble*, 429 U.S. 97 (1976). To the extent that *Estelle v. Gamble* applies to this action, plaintiff shows such claim based on the same.

FIRST AMENDED COMPLAINT FOR DAMAGES

2

Code § 377.60

7. California State Law Claim for Negligence - *Personal Claims under* Cal. Civil Proc. Code § 1714, and wrongful death

8. California State Law Claim for Violation of Government Code §845.6 – *Successor In interest Claim for Municipal Liability Failure to Provide Immediate Medical Care*

**JURY TRIAL DEMANDED**

**COME NOW** plaintiffs Joann Salcido, individually and as successor in interest to decedent Peter Gutierrez, and Louie Gutierrez, individually and as successor in interest to decedent Peter Gutierrez, and do hereby allege and complain as follows:

## JURISDICTIONAL ALLEGATIONS

1.    As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.    As the incidents complained of in this action occurred in the County of Riverside, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

3.    As plaintiffs' claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiffs' federal question claims, this court has jurisdiction over the plaintiffs' California State law claims under its supplemental jurisdiction pursuant

to 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966)

## GENERAL ALLEGATIONS

4. Plaintiff Louie Gutierrez, is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California. Louie Gutierrez is also the legal and natural father of plaintiffs' decedent, Peter Gutierrez. Louie Gutierrez sues in his individual capacity as the father of Peter Gutierrez, and also as Successor In Interest to Peter Gutierrez. Louie Gutierrez seeks both survival and wrongful death damages under federal and state law, including hedonic damages for the loss of the life of plaintiffs' decedent.

5. Plaintiff Joann Salcido, is a natural person, who, at all times complained of in this action, resided in the County of Riverside, State of California. Joann Salcido is also the legal and natural mother of plaintiffs' decedent, Peter Gutierrez. Joann Salcido sues in her individual capacity as the mother of Peter Gutierrez, and also as successor in interest to Peter Gutierrez. Joann Salcido seeks both survival and wrongful death damages under federal and state law, including hedonic damages for the loss of the life of plaintiffs' decedent.

6. Peter Gutierrez died intestate on July 12, 2021, as a direct and proximate result of the conduct of the defendants complained of in this action, as complained of below. Peter Gutierrez does not have any children and was not married at the time of his death.

7. Defendant County of Riverside, hereinafter also referred to as "COUNTY", is a municipal entity located in the State of California; within the territorial jurisdiction of this Honorable Court.

8. Defendants DOES 1 through 4, inclusive, are sworn peace officers and other Jail / Sheriff's Department personnel, including Deputy Sheriffs, Custodial Officers / Deputies, Police Officers, Sheriff's Special Officers, Investigators, Special Officers, and/or some other public officer, or some other

FIRST AMENDED COMPLAINT FOR DAMAGES

4

public official or some other public employee or agent of defendant COUNTY[2], and/or were and are otherwise employed by the Riverside County Sheriff's Department[3], who in some way committed some or all of the tortious actions (and constitutional violations) complained of in this action, and/or are otherwise responsible for and liable to plaintiffs for the acts complained of in this action, whose identities are, and remain unknown to plaintiffs, who will amend their Complaint to add and to show the actual names of said DOE defendants, when so ascertained by plaintiffs.

9.     At all times complained of herein, DOES 1 through 4, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as sworn peace officers and other Jail / Sheriff's Department personnel, including Deputy Sheriffs, Custodial Officers / Deputies, Police Officers, Sheriff's Special Officers,  Investigators, Special Officers, and/or some other public officer, or some other public official or some other public employee or agent of defendant COUNTY[4], and/or are otherwise employed by the Riverside County Sheriff's Department[5], and were acting in the course of and within the scope of their employment with defendant COUNTY[6].

10.    Defendants DOES 5 through 6, inclusive, are jail medical personnel, including Jail Physicians, Physician Assistants, Nurses, Nurse's Assistants, and other jail medical personnel, employed by and at the Riverside County Jail[7]. At all times complained of herein, defendants DOES 5 through 6, inclusive, were acting

---

[2] And/or with some other public entity.
[3] And/or with some other public entity.
[4] And/or with some other public entity.
[5] And/or with some other public entity.
[6] And/or with some other public entity.
[7] And/or with some other public entity jail, or private jail.

FIRST AMENDED COMPLAINT FOR DAMAGES

5

in the course of, and within the scope of, their employment with the County of Riverside.

11.    At all times complained of herein, 5 through 6, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as Jail Physicians, Physician's Assistants, Nurses, Nurse's Assistants, and other jail medical personnel, employed at the Riverside County Jail[8].

12.    Defendants DOES 7 through 10, inclusive, are sworn peace officers and/or the Sheriff and/or Assistant Sheriffs and/or Commanders and/or Captains and/or Lieutenants and/or Sergeants and/or other deputy sheriffs and Supervisory personnel and/or policy making and/or final policy making officials, including County Managers and County Executive officers, employed by Riverside County Sheriff's Department[9]  and/or defendant COUNTY,[10] who are in some substantial way liable and responsible for, or otherwise proximately caused and/or contributed to the occurrences complained of by plaintiffs in this action, such as:

a)    via supervisory liability (i.e. failure to properly supervise, improperly directing subordinate officers, approving actions of subordinate officers),

b)    via bystander liability (failing to intervene in and stop unlawful actions of their subordinates and/or other officers), and

c)    such as by creating and/or causing the creation of and/or contributing to the creation of the policies and/or practices and/or customs and/or usages of the Riverside County Sheriff' Department for failing to adequately provide medical care to their inmates;

d)    failing to train deputies and jail staff to recognize symptoms of persons suffering actual and severe medical distress, and

_____

[8] And/or with some other public entity jail, or private jail.
[9] And/or with some other law enforcement agency.
[10] And/or with some other public entity.

FIRST AMENDED COMPLAINT FOR DAMAGES

6

e)  failing to train deputies and jail staff to provide medical services / medical care / medical treatment of persons suffering actual and severe medical distress,

13.    At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons acting under the color of state law, pursuant to their authority as the Sheriff and/or the Assistant Sheriffs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy-making and/or final policy-making officials with the Riverside County Sheriff's Department and/or with some other police agency/law enforcement agency, and/or were some other public official(s)[11] with defendant COUNTY, and were acting in the course of and within the scope of their employment with defendant COUNTY and/or some other public entity.

14.    Plaintiffs are presently unaware of the identities of DOES 1 through 10, inclusive, and will amend their complaint to add and to show the actual names of said DOE defendants when made known to plaintiffs.

15.    In addition to the above and foregoing, defendants DOES 1 through 6, inclusive, acted pursuant to a conspiracy, agreement and understanding, and common plan and scheme to deprive the plaintiffs and decedent of their federal constitutional and statutory rights, and California constitutional and statutory state law rights, as complained of below in this action.

16.    Defendants DOES 1 through 6, inclusive, acted in conspiratorial/joint/concerted action to so deprive the plaintiffs of those rights as complained of herein; all in violation of 42 U.S.C. § 1983, and otherwise in violation of United States (Constitutional and statutory) law and California (Constitutional and statutory) state law.

---

[11] Such as a COUNTY executive officer.

FIRST AMENDED COMPLAINT FOR DAMAGES

7

17.     Said conspiracy/agreement/understanding/plan/scheme / joint action / concerted action, above referenced, was a proximate cause of the violation of the plaintiff's federal and state constitutional and statutory rights, as complained of herein.

18.     Decedent Peter Gutierrez died on or about July 12, 2021. Plaintiffs submitted their claim for damages form, pursuant to Cal. Gov't Code § 910, et. seq., on January 11, 2022. Plaintiffs then filed their original complaint on July 12, 2022, within six months of the County of Riverside's rejection of their claim. Accordingly, Plaintiffs have complied with the California Torts Claim Act.

### FIRST CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### LOSS OF PARENT-CHILD RELATIONSHIP WITHOUT DUE PROCESS OF THE LAW UNDER FOURTEENTH AMENDMENT TO UNITED STATES CONSTITUTION
### (By all Plaintiffs personally, against DOES 1 through 6, inclusive[12])

19.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 18, inclusive, above, as if set forth in full herein.

20.     On July 12, 2021, decedent Peter Gutierrez was a Pre-Trial Detainee at the Riverside County Jail known as the John J. Benoit Detention Center, in Indio, Riverside County, California.

21.     In the several days leading up to Peter Gutierrez' death, he could be heard by the other inmates at the jail, and by DOES 1 through 6, inclusive, loudly groaning, moaning and begging guards for help; complaining that he was very ill, that he was in terrible / severe pain, and that he was in dire need of immediate medical attention.

---

[12] And, later on / below shown against defendant COUNTY pursuant to plaintiffs' Municipal Liability / Monell Claim.

FIRST AMENDED COMPLAINT FOR DAMAGES

22.    All of Peter Gutierrez's complaints[13] to DOES 1 through 6, inclusive, of his suffering severe physical pain, of him being in acute, serious and severe medical distress, and his pleas to DOES 1 through 6, inclusive for immediate medical care, were ignored by DOES 1 through 6, inclusive.

23.    It was obvious to DOES 1 through 6, inclusive, as it would have been to any reasonably well-trained peace officer/jail correctional officer/deputy sheriff/jail medical personnel / other jail staff, that Peter Gutierrez was suffering severe physical pain and suffering from a serious medical condition, that he was in need of immediate medical care, and that a failure to obtain immediate medical care for Peter Gutierrez would place Peter Gutierrez at an obvious substantial risk of suffering further and more severe physical injury, increased and further pain and suffering and distress, and even of death.

24.    Notwithstanding DOES 1 through 6, inclusive being aware that their failure to obtain immediate medical care for Peter Gutierrez created a substantial risk of him suffering further and more severe physical injury, suffering and distress, and even death, DOES 1 through 6, inclusive, DOES 1 through 6, inclusive made an intentional decision to deny Peter Gutierrez any medical attention or medical care at all, and knowingly and deliberately left him suffer in his jail cell, for several days.

25.    This intentional decision to deny Peter Gutierrez any medical attention or medical care at all by DOES 1 through 6, inclusive, put the plaintiff at substantial risk of suffering serious physical harm, suffering and distress, including a substantial risk of death, and constituted a deliberate indifference to Peter Gutierrez' obvious medical condition, suffering and needs.

---

[13] . . . and the complaints by the other inmates about Peter Gutierrez' pain, suffering and serious medical condition and need for immediate medical care.

FIRST AMENDED COMPLAINT FOR DAMAGES

9

26.     Any reasonably well-trained peace officer/jail correctional officer/deputy sheriff/jail medical personnel / other jail staff, would have understood that his/her failure to obtain immediate medical attention/care for Peter Gutierrez would have created a substantial risk of him suffering further and more severe physical injury, suffering and distress, and even death.

27.     The failure of DOES 1 through 6, inclusive, to provide any treatment to Peter Gutierrez, as alleged above, ultimately caused and resulted in Peter Gutierrez' death from said severe medical condition.

28.     The deliberate failure of DOES 1 through 6, inclusive, to fail and refused to obtain immediate medical attention / treatment for Peter Gutierrez, that ultimately resulted in his death, interfered with the plaintiffs, the parents of Peter Gutierrez, of their Parent – Child Relationship ("familial relationship"), guaranteed to them under the Fourteenth Amendment to the United States Constitution

29.     The failure by DOES 1 through 6, inclusive, to provide medical care for Peter Gutierrez that resulted in his death, was done intentionally, and was done in a manner that constituted a deliberate indifference to and reckless disregard of Peter Gutierrez' life, and to his Child-Parent Relationship with the plaintiffs and constituted outrageous behavior that is shocking to the conscience.

30.     The death of Peter Gutierrez, caused by DOES 1 through 6, inclusive, above-referenced, also proximately caused plaintiffs to suffer the loss of Peter Gutierrez' society, solace and comfort, companionship, their child-parent relationship with him, as well as caused them to suffer great mental, emotional and distress, pain and suffering[14], and also caused them burial / funeral expenses, attorney's fees, and other special damages and general damages, in an amount in excess of $10,000,000 for each plaintiff.

---

[14] And the physical manifestation of the same.

FIRST AMENDED COMPLAINT FOR DAMAGES

31.     Also, DOES 1 through 6, inclusive causing the death of Peter Gutierrez, was done maliciously and in reckless disregard of Peter Gutierrez' and plaintiffs' constitutional rights, sufficient for an award of punitive damages against said defendants (save COUNTY); all in excess of $5,000,000 for each plaintiff, against each DOE defendant.

**SECOND CAUSE OF ACTION**
**VIOLATION OF 42 U.S.C. § 1983**
**DEPRIVATION OF LIFE WITHOUT DUE PROCESS OF LAW UNDER FOURTEENTH AMENDMENT[15] TO UNITED STATES CONSTITUTION[16] (By Plaintiffs as successors in interest, against DOES 1 through 6, inclusive[17])**

32.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 31 inclusive, above, as if set forth in full herein.

33.     As shown above, plaintiffs' decedent Peter Gutierrez was deprived of any medical care while exhibiting the symptoms of one severely ill and of one suffering terribly from a serious physical illness, and of one who in the absence of immediate medical care would likely suffer further / greater physical injuries and suffering, or death.

34.     Also as shown above, the failure by DOES 1 through 6, inclusive, to provide medical care for Peter Gutierrez that resulted in his death, was done intentionally, and was done in a manner that constituted a deliberate indifference to and reckless disregard of Peter Gutierrez' life and constituted outrageous behavior that is shocking to the conscience.

---

[15] Previously and occasionally, and arguably now erroneously (but nonetheless often) also based upon the 8th Amendment (U.S. Const.) standard, previously made applicable to pre-trial detainees in *Estelle v. Gamble*, 429 U.S. 97 (1976). To the extent that *Estelle v. Gamble* applies to this action, plaintiff shows such claim based on the same.

[16] And as otherwise provided for under the United States Constitution as those other rights retained by the People (U.S. Const. Amend. 9)

[17] And, later on / below shown against defendant COUNTY pursuant to plaintiffs' Municipal Liability / Monell Claim.

FIRST AMENDED COMPLAINT FOR DAMAGES

11

53.    The death of plaintiff's decedent Peter Gutierrez was done without due process of the laws, and also constituted a substantive due process violation of Peter Gutierrez' right to his life, under the constitution of the United States of America and of the State of California.

36.    Said denial of plaintiff's decedent Peter Gutierrez' right not to be deprived of his life without due process of law caused plaintiffs' decedent Peter Gutierrez to the loss of the rest of his natural life, and his right to the enjoyment of the rest of his life, and all of those joys, achievements and love that he would have experienced, but for said DOE defendants' omissions; to obtain medical care for him.

37.    The actions of Defendants DOES 1 through 6, inclusive, as complained above herein, constituted a violation of Decedent Peter Gutierrez' rights under the Eighth Ninth and Fourteenth Amendments to the United States Constitution.

38.    As plaintiffs bring this claim as successors-in-interest to their son, decedent Peter Gutierrez, and seek survival damages including hedonic damages, and including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, the loss of the monies that Peter Gutierrez would have earned during his life, and the wrongful death damages for the violation of decedent Peter Gutierrez' rights, all in the amount of $15,000,000.00.

39.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of decedent Peter Gutierrez' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount in excess of $5,000,000.

/ / /

/ / /

/ / /

**THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS OF
LAW UNDER FOURTEENTH AMENDMENT TO UNITED STATES
CONSTITUTION[18] - FAILURE TO PROVIDE MEDICAL CARE /
UNLAWFUL CONDITIONS OF CONFINEMENT**
**(By Plaintiffs, personally, and as successors in interest, against DOES 1
through 6, inclusive[19])**

40.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 39 inclusive, above, as if set forth in full herein.

41.     As shown above, defendants DOES 1 through 6, inclusive, intentionally deprived Peter Gutierrez of medical care when it was obvious to them, and when it would have been obvious to any reasonably well-trained Peace Officer / Custodial Officer / Sheriff's Special Officer / Jail Nurse / other Jail Medical Personnel, that Peter Gutierrez was very ill, was in acute medical distress, was in obvious need of immediate medical care, and, in spite of this knowledge of Peter Gutierrez' medical condition, defendants DOES 1 through 6, inclusive, made an intentional, deliberate and knowing decision to deny him medical care / failing to summon medical care for him; all of this constituting unlawful / inadequate conditions of confinement.

42.     These conditions of confinement and lack of medical care, as described above, put Peter Gutierrez at a substantial risk of suffering serious physical harm and death.

43.     At the time of Peter Gutierrez' death and in the days leading up to Peter Gutierrez' death while he was incarcerated at the Riverside County Jail, Peter

---

[18] And as otherwise provided for under the United States Constitution as those other rights retained by the People (U.S. Const. Amend. 9)

[19] And, later on / below shown against defendant COUNTY pursuant to plaintiffs' Municipal Liability / Monell Claim.

Gutierrez faced a serious medical need and faced a substantial risk of serious harm or death if he was not provided with immediate and adequate medical care; a need for immediate medical care that was known by DOES 1 through 6, inclusive.

44.     Defendants DOES 1 through 6, inclusive, failed to take reasonable measures to abate or reduce the risk of serious harm or death, even though a reasonable officer under the circumstances would have understood the high degree of risk involved – making the consequences of the defendants' conduct obvious.

45.     By failing to provide adequate conditions of confinement and failing to provide medical care to Peter Gutierrez, DOES 1 through 6, inclusive, caused Peter Gutierrez to suffer terrible physical, mental and emotional, injury and pain and distress, and, ultimately, the death of Peter Gutierrez.

46.     DOES 1 through 6, inclusive, were deliberately indifferent to the risks that Peter Gutierrez faced and to the medical care that he required.

47.     Plaintiffs bring this claim as successor-in-interest to their decedent Peter Gutierrez, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, the loss of the monies that he would have earned during his life, the medical bills and costs occurred by him, and the damages for the wrongful death of Peter Gutierrez, and otherwise for the violation of decedent Peter Gutierrez' rights, all in the amount of $15,000,000.00.

48.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of decedent Peter Gutierrez' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount in excess of $5,000,000.

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

14

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1983)**
**MUNICIPAL LIABILITY (Monell Liability) — FAILURE TO TRAIN,**
**UNDER FOURTEENTH AMENDMENT TO UNITED STATES**
**CONSTITUTION**
**(By Plaintiffs Against Defendant COUNTY)**

49.  Plaintiff hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50.  Defendant DOES 1 through 6, inclusive, acted under the color of law.

51.  The actions of defendants DOES 1 through 6, inclusive, deprived Peter Gutierrez and plaintiffs of their particular rights under the United States Constitution, as described above and below.

52.  The training policies of COUNTY were not adequate to train its peace officers to handle the usual and recurring situations with which they must deal. Specifically, COUNTY has failed to train their peace officers on how and when to provide medical care to inmates, and failed to train its deputy sheriff's / correctional officers / deputies on how to recognize when inmates are suffering from severe medical distress that requires
immediate medical attention and care, and has failed to train its deputy sheriff's, custodial officers, and other jail staff and jail medical personnel to immediately summon medical care for inmates who are suffering from severe medical distress.

53.  Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

54.  The failure of COUNTY to provide adequate training caused the deprivation of Peter Gutierrez' and the plaintiffs' rights by DOES 1 through 6, inclusive; that is, defendants' failure to train is so closely related to the deprivation of Peter Gutierrez' and plaintiffs' rights as to be the moving force that caused the ultimate injury.

FIRST AMENDED COMPLAINT FOR DAMAGES

15

55. On information and belief, COUNTY failed to train DOES 1 through 6, inclusive, properly and adequately.

56. By reason of the aforementioned acts and omissions, Peter Gutierrez and Plaintiffs have suffered loss of love, companionship, comfort, care, society, training, guidance, and past and future support. The aforementioned acts and omissions also cause Plaintiffs' pain and suffering, loss of enjoyment of life and death.

57. Accordingly, defendants COUNTY is liable to plaintiffs, individually and as successors in interest, for compensatory damages under 42 U.S.C. § 1983.

58. Plaintiffs bring this claim as successor-in-interest to their decedent Peter Gutierrez, and seeks survival damages, including physical and mental pre-death pain and suffering, loss of life, and loss of enjoyment of life, the loss of the monies that he would have earned during his life, and the wrongful death damages for the violation of decedent Peter Gutierrez' rights, all in the amount of $15,000,000.00.

## FIFTH CAUSE OF ACTION
### WRONGFUL DEATH
### (Cal. Civil Proc. Code § 377.60)
### Under California State Law
### (By Plaintiffs Personally, against Defendants COUNTY and DOES 1 through 6, inclusive)

59. Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 58, inclusive, above, as if set forth in full herein.

60. DOES 1 through 6, inclusive, while working as peace officers / deputy sheriffs and/or correctional officers / deputy sheriffs / other jail staff / jail nurse and other jail medical staff for COUNTY and were acting within the course and scope of their duties, when they intentionally withheld medical care from decedent Peter Gutierrez, that resulted in his death.

61.   DOES 1 through 6, inclusive, had no legal justification for failing to provide medical care to Peter Gutierrez, and that failure was outrageous, and constituted a breach of said defendants' duties to use due care toward inmates at the jail, including their duty to obtain medical care for jail inmates like Peter Gutierrez, who are incarcerated in the County Jail, and cannot obtain medical care other than by themselves, and need the Jail Staff to provide that medical care to such jail inmates.

62.   As shown above, on July 12, 2021, decedent Peter Gutierrez was a Pre-Trial Detainee at the Riverside County Jail known as the John J. Benoit Detention Center, in Indio, Riverside County, California. In the several days leading up to Peter Gutierrez' death on July 12, 2021, he could be heard by the other inmates at the jail, loudly groaning, moaning and begging guards for help; complaining that he was very ill, was in terrible / severe pain, and was in dire need of immediate medical attention.

63.   All of Peter Gutierrez's complaints[20] to DOES 1 through 6, inclusive, of his suffering severe physical pain, of him being in acute, serious and severe medical distress, and his pleas to DOES 1 through 6, inclusive, for immediate medical care, were ignored by DOES 1 through 6, inclusive.

64.   It was obvious to DOES 1 through 6, inclusive, as it would have been to any reasonably well-trained peace officer / jail correctional officer / deputy sheriff / jail medical personnel that Peter Gutierrez was suffering severe physical pain from a serious medical condition, that he was in need of immediate medical care, and that a failure to obtain immediate medical care for Peter Gutierrez would place Peter Gutierrez at an obvious substantial risk of suffering further and more

---

[20] . . . and the complaints by the other inmates about Peter Gutierrez' pain, suffering and serious medical condition and need for immediate medical care.

FIRST AMENDED COMPLAINT FOR DAMAGES

17

severe physical injury, increased and further pain and suffering and distress, and even of death.

65.     Notwithstanding DOES 1 through 6, inclusive being aware that their failure to obtain immediate medical care for Peter Gutierrez created a substantial risk of him suffering further and more severe physical injury, suffering and distress, and even death, DOES 1 through 6, inclusive, made an intentional decision to deny Peter Gutierrez any medical attention or medical care at all, and knowingly and deliberately left him suffer in his jail cell.

66.     This intentional decision to deny Peter Gutierrez any medical attention or medical care at all by DOES 1 through 6, inclusive, put the plaintiff at substantial risk of suffering serious physical harm, suffering and distress, including a substantial risk of death, and constituted a deliberate indifference to Peter Gutierrez' obvious medical condition, suffering and needs.

67.     A reasonably well-trained peace officer would have understood that his/her failure to obtain immediate medical attention / care for Peter Gutierrez would have created a substantial risk of him suffering further and more severe physical injury, suffering and distress, and even death.

68.     The failure of DOES 1 through 6, inclusive, to provide any treatment to Peter Gutierrez, as alleged above, ultimately caused and resulted in Peter Gutierrez' death from said severe medical condition.

69.     In addition, DOES 1 through 6, inclusive, also owed plaintiffs' decedent, Peter Gutierrez, a duty of due care to Peter Gutierrez to obtain / provide medical treatment and care for him, if said defendants had reason to believe that Peter Gutierrez was in need of such medical care / treatment, pursuant to Cal. Civil Code § 1714, pursuant to Cal. Civil Proc. Code § 377.60, Cal. Gov't Code § 845.6, and otherwise pursuant to the common law.

70.     Defendants DOES 1 through 6, inclusive breach of this duty of care that they owed to plaintiffs' decedent, Peter Gutierrez, as alleged above, ultimately caused and resulted in Peter Gutierrez' death from said severe medical condition.

71.     Stated another way, as a direct and proximate result of the conduct of DOES 1 through 6, inclusive, as alleged above, Decedent Peter Gutierrez died.

72.     Defendants DOES 1 through 6, inclusive are also liable for to plaintiffs for the wrongful death of plaintiffs' decedent Peter Gutierrez, pursuant to sections 815.2(a), 820, 820.2, 820.8 and 845.6 of the California Government Code, as well as pursuant to Cal. Civil Proc. Code § 377.60.

73.     The death of Peter Gutierrez, caused by DOES 1 through 6, inclusive, above-referenced, also proximately caused plaintiffs to suffer the loss of Peter Gutierrez' society, solace and comfort, companionship, and their relationship with Peter Gutierrez, as well as caused them burial / funeral expenses, attorney's fees, and other special damages and general damages, in an amount in excess of $10,000,000 for each plaintiff.

74.     Also, DOES 1 through 6, inclusive causing the death of Peter Gutierrez, was done maliciously and oppressively and in reckless disregard of Peter Gutierrez' and plaintiffs' constitutional rights, sufficient for an award of punitive damages against said defendants; all in excess of $5,000,000 for each plaintiff, against each DOE defendant.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FIRST AMENDED COMPLAINT FOR DAMAGES

19

## SIXTH CAUSE OF ACTION
### NEGLIGENCE
### Under California State Law
### (By Plaintiffs, Personally[21] and as Successors in Interest, against Defendants COUNTY and DOES 1 through 6, inclusive)

75.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 74, inclusive, above, as if set forth in full herein.

76.     Peace officers and Custodial Officers / Deputy Sheriffs / other Correctional Officers and Jail Staff, and Jail Medical Personnel, such as defendants DOES 1 through 6, inclusive, have a duty to use reasonable care to prevent harm or injury to others, especially jail inmates. This duty includes providing adequate conditions of confinement and providing medical care to jail inmates who are or appear to be in need of medical care / treatment; pursuant to Cal. Civil Proc. Code § 377.60, Cal. Civil Code § 1714 and Cal. Gov't Code § 845.6.

77.     Defendants breached this duty of care to Peter Gutierrez and to plaintiffs. Upon information and belief, the actions and inactions of defendants were negligent and reckless, including but not limited to failing to provide medical care to plaintiffs' decedent, Peter Gutierrez, when it was obvious that he was in need of immediate medical care for his serious medical condition.

78.     As a result of this breach of defendants DOES 1 through 6, inclusive duty to use due care toward Peter Gutierrez' serious medical needs, by failing to obtain / provide medical care treatment for him, notwithstanding the obvious need of Peter Gutierrez for such immediately medical care / treatment, Peter Gutierrez suffered terrible pain, suffering and further physical injury, and ultimately, his death for several days preceding his death on July 12, 2020.

---

[21] Personally to the extent that the plaintiffs' claims for the Wrongful Death of Peter Gutierrez, does not include all of the damages incurred by plaintiffs in their Wrongful Death Claim in this action.

FIRST AMENDED COMPLAINT FOR DAMAGES

20

79.     Said defendants are liable to plaintiffs and to their decedent pursuant to Cal. Gov't Code §§ 815.2(a), 820, 820.2, 820.8 and 845.6, as well as pursuant to Cal. Civil Proc. Code § 377.60 and Cal. Civil Code § 1714. The death of Peter Gutierrez, caused by DOES 1 through 6, inclusive, above-referenced, also proximately caused plaintiffs to suffer the loss of Peter Gutierrez' society, solace and comfort, companionship, as well as caused them to suffer great mental, emotional and distress, pain and suffering[22], and also caused them burial / funeral expenses, attorney's fees, and other special damages and general damages, in an amount in excess of $10,000,000 for each plaintiff.

### SEVENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA GOV'T CODE § 845.6
### (By Plaintiffs, Personally[23] and as Successors in Interest, against Defendants COUNTY and DOES 1 through 6, inclusive)

80.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 79, inclusive, above, as if set forth in full herein.

81.     As shown above, on July 12, 2021, decedent Peter Gutierrez was a Pre-Trial Detainee at the Riverside County Jail known as the John J. Benoit Detention Center, in Indio, Riverside County, California.

82.     Also as shown above, in the several days leading up to Peter Gutierrez' death on July 12, 2021, he could be heard by the other inmates at the jail, loudly groaning, moaning and begging guards for help; complaining that he was very ill, was in terrible / severe pain, and was in dire need of immediate medical attention.

---

[22] And the physical manifestation of the same.

[23] Personally to the extent that the plaintiffs' claims for the Wrongful Death of Peter Gutierrez, does not include all of the damages incurred by plaintiffs in their Wrongful Death Claim in this action.

FIRST AMENDED COMPLAINT FOR DAMAGES

21

83.     Also as shown above, all of Peter Gutierrez's complaints[24] to DOES 1 through 6, inclusive, of his suffering severe physical pain, of him being in acute, serious and severe medical distress, and his pleas to DOES 1 through 6, inclusive, for immediate medical care, were ignored by DOES 1 through 6, inclusive.

84.     Also as shown above, it was obvious to DOES 1 through 6, inclusive, as it would have been to any reasonably well-trained peace officer / jail correctional officer / deputy sheriff / jail medical personnel, that Peter Gutierrez was suffering severe physical pain from a serious medical condition, that he was in need of immediate medical care, and that a failure to obtain immediate medical care for Peter Gutierrez would place Peter Gutierrez at an obvious substantial risk of suffering further and more severe physical injury, increased and further pain and suffering and distress, and even of death.

85.     Also as shown above, notwithstanding DOES 1 through 6, inclusive being aware that their failure to obtain immediate medical care for Peter Gutierrez created a substantial risk of him suffering further and more severe physical injury, suffering and distress, and even death, DOES 1 through 6, inclusive, made an intentional decision to deny Peter Gutierrez any medical attention or medical care at all, and knowingly and deliberately left him suffer in his jail cell.

86.     Also as shown above, this intentional decision to deny Peter Gutierrez any medical attention or medical care at all by DOES 1 through 6, inclusive, put the plaintiff at substantial risk of suffering serious physical harm, suffering and distress, including a substantial risk of death, and constituted a deliberate indifference to Peter Gutierrez' obvious medical condition, suffering and needs.

87.     Also as shown above, a reasonably well-trained peace officer would have understood that his/her failure to obtain immediate medical attention / care

_____

[24] . . . and the complaints by the other inmates about Peter Gutierrez' pain, suffering and serious medical condition and need for immediate medical care.

FIRST AMENDED COMPLAINT FOR DAMAGES

22

for Peter Gutierrez would have created a substantial risk of him suffering further and more severe physical injury, suffering and distress, and even death.

88.     Also as shown above, the failure of DOES 1 through 6, inclusive, to provide any treatment to Peter Gutierrez, as alleged above, ultimately caused and resulted in Peter Gutierrez suffering severe physical and mental pain, suffering and distress, and ultimately death, from said severe medical condition.

89.     Also as shown above, in addition, DOES 1 through 6, inclusive, also owed plaintiffs' decedent, Peter Gutierrez, a duty of due care to Peter Gutierrez to obtain / provide medical treatment and care for him, if said defendants had reason to believe that Peter Gutierrez was in need of such medical care / treatment, pursuant to Cal. Civil Code § 1714, pursuant to Cal. Civil Proc. Code § 377.60, Cal. Gov't Code § 845.6, and otherwise pursuant to the common law.

90.     Also as shown above, defendants DOES 1 through 6, inclusive breach of this duty of care that they owed to plaintiffs' decedent, Peter Gutierrez, as alleged above, ultimately caused and resulted in Peter Gutierrez' death from said severe medical condition.

91.     Also as shown above, stated another way, as a direct and proximate result of the conduct of DOES 1 through 6, inclusive, as alleged above, plaintiffs' decedent Peter Gutierrez died.

92.     Defendants DOES 1 through 6, inclusive are also liable for to plaintiffs for the wrongful death of plaintiffs' decedent Peter Gutierrez, pursuant to sections 815.2(a), 820, 820.2, 820.8 and 845.6 of the California Government Code, as well as pursuant to Cal. Civil Proc. Code § 377.60.

93.     As a result of this breach of defendants DOES 1 through 6, inclusive duty to use due care toward Peter Gutierrez' serious medical needs and to provide immediate medical care to Peter Gutierrez when it was obvious to defendants that he was in great need of the same, Peter Gutierrez suffered terrible pain, suffering

and further physical injury, and ultimately, his death for several days preceding his death on July 12, 2020.

94.    Said defendants are liable to plaintiffs and to their decedent pursuant to Cal. Gov't Code §§ 815.2(a), 820, 820.2, 820.8 and 845.6, as well as pursuant to Cal. Civil Proc. Code § 377.60 and Cal. Civil Code § 1714.

95.    The death of Peter Gutierrez, caused by DOES 1 through 6, inclusive, above-referenced, also proximately caused plaintiffs to suffer the loss of Peter Gutierrez' society, solace and comfort, companionship, as well as caused them to suffer great mental, emotional and distress, pain and suffering[25], and also caused them burial / funeral expenses, attorney's fees, and other special damages and general damages, in an amount in excess of $10,000,000 for each plaintiff.

96.    Also, DOES 1 through 6, inclusive causing the death of Peter Gutierrez, was done maliciously and oppressively and in reckless disregard of Peter Gutierrez' and plaintiffs' constitutional rights, sufficient for an award of punitive damages against said defendants; all in excess of $5,000,000 for each plaintiff, against each DOE defendant.

**WHEREFORE**, plaintiffs pray for judgment as follows:

    a)  For a judgment against all defendants for compensatory damages, in excess of $30,000.00;

    b)  For a judgment against all defendants, save defendant County of Riverside, for punitive damages, in excess of $5,000,000.00 for each plaintiff for each defendant, save County of Riverside;

    c)  For an award of reasonable attorney's fees and costs;

    d)  For a trial by jury; and

---

[25] And the physical manifestation of the same.

FIRST AMENDED COMPLAINT FOR DAMAGES

24

1

e) For such other and further relief as this honorable court deems just

2

and equitable.

3

4

LAW OFFICE OF JERRY L. STEERING

5

/s/ *Jerry L. Steering*

6

JERRY L. STEERING, ATTORNEY FOR

7

PLAINTIFFS LOUIE GUTIERREZ,

individually and as successor in interest to

8

Decedent Peter Gutierrez; and JOANN

SALCIDO, individually and as successor in

9

interest to Decedent Peter Gutierrez,

10

LAW OF GREGORY PEACOCK

11

12

*/S/ Gregory Peacock*

13

GREGORY PEACOCK, ATTORNEY FOR

PLAINTIFFS LOUIE GUTIERREZ,

14

individually and as successor in interest to

Decedent Peter Gutierrez; and JOANN

15

SALCIDO, individually and as successor in

16

interest to Decedent Peter Gutierrez,

17

18

19

20

21

22

23

24

25

26

27

28